# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN MATTHEWS, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-03211-CV-S-RK |
| BNSF RAILWAY COMPANY, | ) |
| Defendant. | ) |

## ORDER

On September 20, 2016, the Court ordered Plaintiff to show cause why this action should not be transferred to the United States District Court for the District of Nebraska or the Northern District of Texas. (Doc. 15.) Plaintiff submitted a response requesting that the case remain in the Western District of Missouri (doc. 16), and Defendant replied to Plaintiff's response requesting that the case be transferred to the District of Nebraska (doc. 17). The background of this case was recited in the Court's order on September 20, 2016, and therefore will not be restated here.

### Discussion

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" based on convenience and interests of justice. In evaluating convenience, courts usually consider the following factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). In evaluating the interest of justice, courts typically consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Id.* The "primary, if not most important of these interests is the convenience of the witnesses." *Perficient, Inc. v. Priore*, No. 4:16 CV 249 CDP, 2016 U.S. Dist. LEXIS 28335, at *5 (E.D. Mo. Mar. 7, 2016). However, federal courts give "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695. Moreover, the plaintiff's choice of forum generally will not be disturbed unless defendant shows that the balance of interests weighs strongly in favor of the proposed transfer. *Nichols v. Morris*, No. 5:14-cv-06102-NKL, 2015 U.S. Dist. LEXIS 23213, at *18 (W.D. Mo. Feb. 26, 2015).

The parties do not dispute that the action "might have been brought" in the United States District Court for the District of Nebraska. Therefore, the Court now focuses on the factors set forth in § 1404(a) as they relate to whether or not the case should be transferred to Nebraska.

## I. Convenience

First, the Court considers the convenience of the parties. Plaintiff is an individual who resides in Missouri with no current connection to Nebraska, and Defendant is a nationwide company that currently engages in business in Missouri. As such, Plaintiff would be more heavily inconvenienced by litigating in Nebraska than Defendant would be inconvenienced by litigating in Missouri.

Second, the Court turns to the convenience of the witnesses. The Court notes that no matter what the final determination is, one party's witnesses will be inconvenienced. Plaintiff identified three potential witnesses, not including him, who are all Missouri residents. Defendant identified eleven witnesses including, eight Nebraska residents, two Texas residents, and one Missouri resident. Plaintiff did not express concern regarding the willingness of his witnesses to appear in federal district court in Nebraska, nor did Defendant express concern regarding the willingness of its witnesses to appear in this Court in Missouri. Rather, both parties argued that it would be more inconvenient for their witnesses. Plaintiff argued that his witnesses would miss work and receive little compensation for their time whereas Defendant's witnesses are likely employees who would presumably be compensated for their time spent providing testimony. The Court notes that many of the witnesses identified by Defendant are Defendant's employees and notes that affidavits submitted with briefing show that some witnesses regularly travel for work. However, the Court cannot determine that all of Defendant's potential witnesses are current employees. After review of the evidence, the Court determines that this factor, while

mostly neutral, weighs slightly in favor of transfer as Defendant has identified a number of key witnesses that reside outside this venue.

Third, the Court affords little weight to the accessibility of records and documents factor considering the ease with which documents can now be electronically transferred and determines that this factor is neutral.

Fourth, the conduct complained of occurred in Nebraska, and thus, this factors weighs in favor of transfer.

Fifth and finally, the applicability of each forum state's substantive law weighs in favor of not transferring as Plaintiff has alleged a violation of the Missouri Human Rights Act.

## II.  Interests of Justice

In evaluating the interests of justice, the Court first considers judicial economy. This factor weighs slightly in favor of not transferring because federal district courts in Missouri are regularly tasked with applying Missouri law such that these issues may have already been reviewed by or will more likely come up in a future action pending in a federal district court in Missouri.

Second, the Court is to give considerable deference to Plaintiff's choice of forum and not disturb that choice unless the balance of other factors weighs strongly in favor of transfer.

Third, the Court considers the comparative costs to the parties of litigating in each forum. Due to the location of the parties and witnesses, Nebraska would likely be more expensive for Plaintiff, and Missouri would likely be more expensive for Defendant. Therefore, the Court determines that this factor is neutral.

With respect to factors four, five, and six, the Court finds that there would not be any difficulty enforcing a judgment in either forum; there would not be any obstacles to a fair trial in either forum; and there are no conflict of law issues. Thus, these factors are neutral.

Finally, the seventh factor is the advantage of having a local court determine questions of local law. As mentioned above, Plaintiff has alleged a violation of the Missouri Human Rights Act, and therefore, this factor weighs in favor of not transferring the action.

## Conclusion

Balancing all of the above factors, transfer would deprive Plaintiff of his chosen forum, and Defendant has not shown that this balance of interests weighs strongly in favor of the

3

proposed transfer. For those reasons, the Court declines to transfer this case pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

                                                        s/ Roseann A. Ketchmark
                                                       ROSEANN A. KETCHMARK, JUDGE
                                                       UNITED STATES DISTRICT COURT

DATED: December 21, 2016